2005 WY 89

**BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Sue DAVIDSON, Respondent.**

**No. D–05–2.**

Supreme Court of Wyoming.

Aug. 9, 2005.

C.M. "Steve" Aron, Aron and Hennig, LLP, Laramie, WY, for Respondent.

Sandra J. Inniss, Wyoming State Bar, Cheynenne, WY, for Board of Professional Responsibility.

## ORDER OF PUBLIC CENSURE

**This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein July 11, 2005, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, Bar Counsel's "Motion for Public Censure and to File a Report and Recommendation for Discipline," the Respondent's "Section 16 Affidavit," and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that Respondent Sue Davidson should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that Sue Davidson shall receive a public censure for her conduct, and she shall be publicly cen-

Dictionary definition of "option."

sured in a manner consistent with the recommended censure contained in the Report and Recommendation for Public Censure; and it is further

**ORDERED** that, by April 30, 2006, Sue Davidson will attend the Pathways to Professional Conduct CLE presented by the Wyoming State Bar, in addition to the required 15 annual hours of CLE; and it is further

**ORDERED** that Sue Davidson shall reimburse the Wyoming State Bar the amount of $100.00, representing the costs incurred in handling this matter, as well as pay an administrative fee of $500.00, by paying the amount of $600.00 to the Clerk of the Board of Professional Responsibility, on or before September 1, 2005; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record provided, however, that the Respondent's Section 16 Affidavit shall not be publicly disclosed nor made available for use in any other proceeding, except upon order of this Court; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter.

**BY THE COURT:**

/s/ William U. Hill
**WILLIAM U. HILL**
**Chief Justice**

### REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

The Board of Professional Responsibility makes the following report and recommendation for public censure, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### *FINDINGS OF FACT*

1.   Respondent Sue Davidson is currently an active member of the Wyoming State Bar and has been since 1978.   Respondent resides in Cheyenne, Wyoming.

2.   In July 2003, Respondent's client, DBL Holdings, LLC, through its agent, Drew Dolan, engaged Respondent to perform legal services relating to evictions.   DBL and Respondent entered into a contract, by the terms of which BDL was to pay all submitted bills within 25 days of receipt.   DBL did not go that.   Respondent was asked by DBL, through employee Dea Cox, to also do collections from the evictions.

3.   In November 2003, Respondent's firm began to receive garnishment checks on behalf of DBL. Respondent notified DBL each time a garnishment check was received.

4.   After seeing the first garnishment check, Cox authorized Respondent to deposit the garnishment checks in the firm's trust account, which Respondent did.   Thereafter, Cox was orally advised each time a garnishment check was received.

5.   At the outset of this relationship, a firm employee was instructed to provide an accounting of the trust funds to DBL with the regular monthly billing statements.   Approximately 2 weeks later, Respondent discovered the employee had not done so.   The accounting was then sent to DBL that same day.

6.   When DBL requested that Respondent pay it the garnishment funds, I informed DBL, first orally then in writing, that she was holding the funds as security for the unpaid attorney fees.   Respondent did not send a formal notice of lien as required by W.S. § 29–1–102(b).

7.   When DBL admitted that the attorney fees were owed, Respondent paid her firm from DBL's trust monies without DBL's approval.

8.   Respondent agrees that taking her legal fees from the trust account without client permission was a violation of Rule 1.15(d) of the Wyoming Rules of Professional Conduct.

### *CONCLUSIONS OF LAW*

9.   Standard 4.13 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for

violations of Rules 1.15: "Reprimand [or public censure] is generally appropriate when a lawyer is negligent in dealing with client property, and causes injury or potential injury to a client."

10. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

    a. Applicable aggravating factors in this case are:

      i. Section 9.22(i)—substantial experience in the practice of law.

    b. Applicable mitigating factors are:

      i. Section 9.32(a)—absence of a prior disciplinary record;

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

11. As an appropriate sanction for her violations of Wyoming Rules of Professional Conduct:

    a. Respondent should receive a public censure which states as follows:

"Cheyenne Attorney Sue Davidson received a formal public censure by order of the Wyoming Supreme Court on _____.

Ms. Davidson and her client entered into a contact. By the terms of the contract, her client was to pay all submitted billing statements within 25 days after receipt. The client did not pay the billing statements as agreed by contract.

Ms. Davidson received garnishment funds for the client. The client was shown the garnished funds, and as agreed by the client, the garnished funds were deposited into the law firm's trust account. When the client admitted that Ms. Davidson's legal fees were due and owing, Ms. Davidson offset the legal fees that were due out of the garnished funds without express authority from her client.

The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. In offsetting her fees out of funds held for her client without obtaining client permission, Ms. Davidson violated Rule 1.15. Ms. Davidson had no prior disciplinary record.

Ms. Davidson stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, and on its recommendation the Wyoming Supreme Court entered its order censuring Ms. Davidson and requiring her to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

    b. By the end of April 2006, Respondent will attend the Pathways to Professional Conduct CLE presented by the Wyoming State Bar in additional to the required 15 hours of CLE.

    c. Respondent will reimburse the Wyoming State Bar for the costs of handling this matter capped in the amount of $100.00 and paid the administrative fee of $500.00 no later than 1 September 2005.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended July 1st, 2005

Joe Teig, Chair
Board of Professional Responsibility